UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MASOUD KHAZALI, <br><br> Plaintiff, <br><br> v. <br><br> ELIZABETH BERNS, <br><br> Defendant. | CASE NO. C16-1022JLR <br><br> ORDER DISMISSING COMPLAINT AND ACTION |

## I.   INTRODUCTION

Before the court is *pro se* Plaintiff Masoud Khazali's civil rights complaint. (Compl. (Dkt. # 4).) Mr. Khazali named Judge Elizabeth Berns of the King County Superior Court in Washington State as the sole defendant in this action. (*See id.* at 1.)[1] Mr. Khazali is proceeding *in forma pauperis* ("IFP"). (*See* IFP Ord. (Dkt. # 3) at 1 (granting Mr. Khazali's motion for leave to proceed IFP).)  However, in granting Mr.

---

[1] The court uses the pagination assigned by the court's electronic docketing system when referring to page numbers of Mr. Khazali's complaints.

ORDER- 1

1  Khazali IFP status, Chief Magistrate Judge James P. Donohue, recommended review of
2  Mr. Khazali's complaint under 28 U.S.C. § 1915(e)(2)(B).  (IFP Ord. at 1.)  The court has
3  conducted the recommended review and DISMISSES Mr. Khazali's complaint and this
4  action with prejudice and without leave to amend his complaint as more fully described
5  below.

## II. BACKGROUND

7  On June 30, 2016, Mr. Khazali filed a motion for leave to proceed IFP (IFP Mot.
8  (Dkt. # 1)), along with a proposed complaint (Dkt. # 1-1).  On July 13, 2016, Magistrate
9  Judge Donohue granted Mr. Khazali's IFP motion, and his complaint was filed on the
10  court's docket on the same day.  (IFP Ord.; Compl.)  In his order Magistrate Judge
11  Donohue "recommends review" of Mr. Khazali's complaint under 28 U.S.C.
12  § 1915(e)(2)(B).  (IFP Ord. at 1.)

13  In addition to the present suit, on June 30, 2016, Mr. Khazali also filed a related
14  action in this court against "King County Court of the Washington State" to "[s]top the
15  proceeding on the case number: 15-3-00152-7 SEA." [2] (*See Khazali v. King Ct. Court of*
16  *Wash. State*, No. C16-1021JLR, W.D. Wash. ("Khazali I"), Compl. (Dkt. # 4) at 4.)  In
17  addition to a variety of other relief, he asks this court to (1) "[v]oid all the [o]rders of the
18  King County Court of Washington" in the state court case, (2) "[s]tart an investigation on

---

[2] The court liberally construes Mr. Khazali's related complaint to be against King County Superior Court for the State of Washington.  *See Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) ("[P]ro se pleadings are liberally construed, particularly where civil rights claims are involved.").

ORDER- 2

the [k]idnapping third party [sic] in the case," and (3) "[t]ak[e] the kidnapped child from the [k]idnappers and return[] him to his custodian [f]ather by a Federal agent." (*Id.* at 4.)

The court has reviewed the docket, pleadings and orders that are on file and publically available in King County Superior Court Case Number 15-3-00152-7 SEA.[3] *See In re the Custody of: T.K.K.*, No. 15-3-00152-7 SEA, King County Superior Court of the State of Washington ("*In re the Custody of: T.K.K*").[4] The state court matter was initiated on January 5, 2015, when the grandmother of Mr. Khazali's son filed a petition for non-parental custody of the boy. *Id.*, Dkt. # 1. On March 23, 2016, Judge Berns issued a temporary restraining order against Mr. Khalazi, which prohibited him from having contact with his son or his son's grandmother until the case could be tried or until

---

[3] Under Federal Rule of Evidence 201, the court may take judicial notice of the docket and various orders issued by King County Superior Court in this related action in state court. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record"); *In re Zulueta*, 520 F. App'x 558, 559 (9th Cir. 2013) (taking judicial notice of the docket in underlying bankruptcy proceedings); *Rodriguez v. Disner*, 688 F.3d 645, 660 n.11 (9th Cir. 2012) (taking judicial notice of briefs filed in a related case); *Roberson v. City of L.A.*, 220 F. App'x 522, 523 (9th Cir. 2007) (taking judicial notice of the state court docket sheet in the underlying action); *Asdar Grp. v. Pillsbury, Madison & Sutro*, 99 F.3d 289, 290 n.1 (9th Cir. 1996) (ruling that the court may take judicial notice of the pleadings and court orders in earlier related proceedings); *Madden v. Cate*, No. CV 11-5652 FMO(JC), 2013 WL 5741781, *3 n.5 (C.D. Cal. Oct. 22, 2013) (taking judicial notice of the California Supreme Court docket); *Rosal v. First Fed. Bank of Cal.*, 671 F. Supp. 2d 1111, 1120-21 (N.D. Cal. 2009) (taking judicial notice of plaintiff's bankruptcy petition, an order granting a motion for relief from the automatic stay, and the bankruptcy court's order of dismissal); *Retired Emps. Ass'n of Orange Cty., Inc. v. Cty. of Orange*, 632 F. Supp. 2d 983, 985 (C.D. Cal. 2009) (taking judicial notice of a bankruptcy court order under Rule 201); *Schweitzer v. Scott*, 469 F. Supp. 1017, 1020 (C.D. Cal. 1979) (ruling in a case involving review under 28 U.S.C. § 1915 that "the Court is empowered to and does take judicial notice of court files and records"). Further, the court may take judicial notice of appropriate public records on its own without a party's request. *See* Fed. R. Evid. 201(c).

[4] To protect the privacy of the child at issue, the court has replaced the child's name in the title of the case with initials. *See* Local Rule W.D. Wash. LCR 5.2(a)(2).

ORDER- 3

1  August 1, 2016, whichever occurred later. *Id.*, Dkt. # 109. The case was reassigned to
2  Judge Sean P. O'Donnell on July 13, 2016. *Id.*, Dkt. # 119. Judge O'Donnell held a non-
3  jury trial on August 1, 2016. *Id.*, Dkt. # 126. On August 3, 2016, Judge O'Donnell
4  issued another temporary restraining order against Mr. Khalazi, which prohibits him from
5  having contact with his son or his son's grandmother until September 6, 2016, or until
6  further order of the court. *Id.*, Dkt. # 131.

7      In the present suit, Mr. Khazali alleges Judge Berns failed to "respond[] in any
8  way to [his] motions for dismissal of the case and dismissal of the restraining order."
9  (Compl. at 6.) He alleges that she ignored his report of a kidnapping and "legalized the
10 [k]idnapping" of his child. (*See id.*) Mr. Khazali alleges that he was "judged to be
11 unstable [sic] man who could hurt court personnel." (*Id.* at 7.) He further alleges that he
12 "has been restrained to contact his own child for so long and security is summoned only
13 because of what he says and what he wrote," and that he "only criticized the court and the
14 States." (*Id.*) He alleges that as a result of the "legalized . . . kidnapping" of his child, he
15 has "lost his business, home, and belonging[s]." (*Id.*) He alleges that "Judge . . .
16 Berns . . . tortured [him] and his family for what he said or what he wrote or what he
17 believed!" (*Id.*) Finally, he asserts that Judge Berns did not act within her "judicial duty"
18 when she failed to respond to his motions and ignored his reports of a "[k]idnapping in

progress" (*id.* at 6), and that her alleged actions in "forc[ing] and support[ing] the kidnapping of the child" were unconstitutional and non-judicial (*id.* at 7).[5]

Pursuant to Magistrate Judge Donohue's recommendation, the court now reviews Mr. Khazali's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

### III.     ANALYSIS

Title 28 U.S.C. § 1915(e)(2)(B) authorizes a district court to dismiss a claim filed IFP "at any time" if it determines: (1) the action is frivolous or malicious; (2) the action fails to state a claim; or (3) the action seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).[6] *Pro se* pleadings must be liberally construed. *Balisteri*, 901 F.2d at 699. When reviewing a complaint, however, a court does not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) ("Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."); *Clegg v. Cult Awareness*

---

[5] Mr. Khazali's complaint states: "The judge forced and supported the kidnapping of the child with her none constitutional, none judicial action." (Compl. at 7.) The court liberally construes this statement as indicated above.

[6] Under *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam), the court may properly apply the screening provisions of 28 U.S.C. § 1915(e)(2)(B) to non-prisoner civil litigants seeking to proceed IFP.

ORDER- 5

*Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) ("[T]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."); *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988) ("[C]onclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim"). If a plaintiff's complaint is found deficient and an amendment could possibly cure the deficiency, the complaint must be dismissed with leave to amend. *See Eldridge v. Block*, 832 F.2d 1132, 1135-37 (9th Cir. 1987). However, leave to amend is properly denied "where the amendment would be futile." *DeSoto v. Yellow Freight Sys.*, 957 F.2d 655, 659 (9th Cir.1992).

Judges are absolutely immune from liability for damages based on acts performed in their official capacities, *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc), and this immunity shields judges from liability for damages in civil rights suits for judicial acts performed within their subject matter jurisdiction, *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). The public policy that underlies judicial immunity is the furtherance of independent and disinterested judicial decision making. *Ashelman*, 793 F.2d at 1078. To effectuate this policy, the Ninth Circuit broadly construes the scope of judicial immunity. *Id.* Judicial immunity is not affected by the motives underlying judicial acts. *Id.* at 1077. Judicial immunity applies even if there are allegations that a judicial decision resulted from a bribe or a conspiracy. *Id*. at 1078. It applies no matter how "erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Id.* at 1074 (citing *Cleavinger v. Saxner*, 474 U.S. 193 (1985) (quotations omitted)). Judicial immunity "is not limited to immunity from

damages, but extends to actions for declaratory, injunctive and other equitable relief." *Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir.1996) (discussing federal judges' immunities).[7]

Judges are not immune, however, if they act in the clear absence of all jurisdiction or perform acts that are not judicial in nature. *Ashelman*, 793 F.2d at 1075. Acts are judicial where the acts are normally performed by a judge, and where the parties deal with the judge in his or her judicial capacity. *Id.*; *Sparkman*, 435 U.S. at 361; *Crooks v. Maynard*, 913 F.2d 699, 700 (9th Cir. 1990). A judge will not be deprived of immunity because the action he or she took was in error, was done maliciously, or was in excess of his or her authority; rather, he or she will be subject to liability only when he or she has acted in the clear absence of all jurisdiction, *Sparkman*, 435 U.S. at 356-57; that is, when he or she acts in a private or nonjudicial capacity, *see Henzel v. Gerstein*, 608 F.2d 654, 658 (5th Cir. 1979).

Judge Berns was acting within her normal, official judicial capacity and function when she refused to accept or denied Mr. Khazali's motions. (*See* Compl. at 6.) Based on the court's review of the King County Superior Court docket and orders in that case, she was also acting within her normal, official judicial capacity when she entered a temporary restraining order against Mr. Khazali, which allowed his child to remain with the child's grandmother and effectively prevented Mr. Khazali from contacting his child.

---

[7] Moreover, in 1996 Congress amended 42 U.S.C. § 1983 to prohibit the grant of injunctive relief against any judicial officer, state or federal, acting in his or her official capacity "unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

ORDER- 7

Mr. Khazali's descriptions of Judge Berns's actions as "legalized kidnapping" or "torture" (*see* Compl. at 7) are to no avail because they constitute legal conclusions, conclusory factual allegations, or unreasonable factual inferences that the court need not accept as true. *See Iqbal*, 556 U.S. at 678; *W. Mining Council*, 643 F.2d at 624; *Sprewell*, 266 F.3d at 988; *Clegg*, 18 F.3d at 754-55. The same is true of Mr. Khazali's conclusory allegations that Judge Berns's acts were non-judicial in nature or not within her "judicial duty." (*See* Compl. at 6-7.)

Because Mr. Khazali's allegations challenge core judicial functions, such as presiding over child custody proceedings, maintaining control over the case docket, and determining motions, Mr. Khazali's claims are barred by the doctrine of judicial immunity. *See, e.g.*, *Gonsalves v. Unknown Judge*, No. CIV. 12-00034 LEK, 2012 WL 214711, at *2 (D. Haw. Jan. 24, 2012) (ruling that because the plaintiff's allegations challenged judicial functions such as presiding over proceedings, maintaining control over the docket, and deciding motions, the plaintiff's claims were barred by judicial immunity). Accordingly, the court DISMISSES Mr. Khazali's complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

In addition, the court finds that any amendment of Mr. Kzahali's complaint would be futile because Judge Berns is immune from suit. *See Smith v. Commanding Officer, Air Force Accounting & Fin. Ctr.*, 555 F.2d 234, 235 (9th Cir. 1977) ("[I]t was within the discretion of the district court to deny leave to amend when the amendment would be 'futile' because [the plaintiff] could not prevail on the merits because of the Government's immunity.") (citing *Foman v. Davis*, 371 U.S. 178 (1962) and *Brennan v.*

*Univ. of Kansas*, 451 F.2d 1287, 1289 (10th Cir. 1971)); *see also Huffine v. Molloy*, No. C07-1556-RSMJPD, 2007 WL 4026155, at *1 (W.D. Wash. Nov. 14, 2007) (denying leave to amend as futile because plaintiff's complaint was directed at a judge who was immune from suit).  Accordingly, the court DENIES Mr. Khazali leave to amend his complaint.

Finally, the court CERTIFIES that any IFP appeal from this order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).  *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

## IV.    CONCLUSION

For the foregoing reasons, the court DISMISSES this action with prejudice under 28 U.S.C. § 1915(e)(2)(B) because the complaint is frivolous, fails to state a claim upon which relief can be granted, and seeks relief against a defendant who is immune from suit.  Further, because any amendment of Mr. Khazali's complaint would be futile, the court DENIES Mr. Khazali leave to amend his complaint.  Finally, the court CERTIFIES that any IFP appeal from this order would not be taken in good faith.

Dated this 24th day of August, 2016.

                                                                                JAMES L. ROBART
                                                                                United States District Judge